UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**AMANDA MEZA**              **CASE NO. 6:19-CV-00296**

**VERSUS**                   **JUDGE SUMMERHAYS**

**HARVEY ALLEN ET AL**       **MAGISTRATE JUDGE WHITEHURST**

REPORT AND RECOMMENDATION

Before the Court on assignment by the district judge is a Motion to Dismiss for Failure To State A Claim Upon Which Relief Can Be Granted filed by the City of Scott [Rec. Doc. 8]. Plaintiff, Amanda Meza, has filed a Memorandum in Opposition [Rec. Doc. 16] to Defendant's Motion and Defendant has filed Reply to Plaintiff's opposition [Rec. Doc. 17]. For the reasons that follow, the Court recommends that the Motion be granted.

**I.      BACKGROUND**

On March 9, 2018, while a patron at Cowboys Saloon in Scott, Louisiana ("Cowboys"), Plaintiff, Amanda Meza, became intoxicated and fell in the bar. *R. 1, ¶¶ 9, 10.* A private security guard working for Cowboys escorted Plaintiff outside. After Plaintiff attempted to remain on the premises of Cowboys, the security guard called the Scott Police Department. *Id. at ¶ 10.* Upon the Scott Police Officers arrival at the bar, they "all began assaulting [Plaintiff], breaking her humerus bone in the

process." *Id. at ¶ 12,* Plaintiff was arrested on charges of Remaining After Being Forbidden (La. R.S. 14:63.3); Disturbing the Peace by Intoxication (La. R.S. 14:103(A)(3)); Resisting An Officer (La. R.S. 14:108) and Misdemeanor Battery Of Police Officer (La. R.S. 14:34.2) (collectively "the charges").

On March 12, 2019, the District Attorney's Office issued a Bill of Information charging Plaintiff with the above charges. *R. 8-2, Exh. A, Bill Of Information, 15th J.D.C., Lafayette, LA*. On January 30, 2020, Plaintiff plead "no contest" or "*nolo contendere*" to Simple Battery, LA. R.S. 14:35, Remaining After Being Forbidden under La. R.S. 1463.3, and Resisting An Officer under La. R.S. 14:108.2 *R. 8-3, Exh. B, Minutes of Lafayette Parish Clerk of Court, Session 1/30/2020.* Plaintiff entered into a plea agreement for a sentence of six (6) months in parish jail, suspended, twelve (12) months Misdemeanor Supervised Probation, twenty-four (24) hours mandated community service and required completion of an Anger Management Class. *R. 8-4, Exh. C. Plea.*

Plaintiff filed this lawsuit on March 7, 2019, against the City of Scott and Harvey Allen and "Unknown Officers," in their individual and official capacities as City of Scott Police Officers. In her Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for (1) Unlawful Arrest, in violation of the Fourth Amendment, (2) Excessive Force, in violation of the Fourteenth Amendment, (3) a *Monell* claim against the City of Scott for failure to train and failure supervise and investigate its

employees (4) Louisiana state law claims pursuant to La. Civil Code Art. 2315, 2317.1 and 2322, for physical pain, mental anguish, humiliation and loss of enjoyment of life, and § 1983 claims against the City of Scott and Officer Allen for (5) Abuse of Process and (6) Malicious Prosecution in violation of the Fourth Amendment.

In her Memorandum in Opposition to the Motion, Plaintiff states that she "is not disputing nor challenging any of the allegations pertaining to unlawful arrest or detention [COUNT 1], *Monell* claim [COUNT 3], Louisiana law pursuant to La. Civ. Code Art. 2315, 2317.1, and 2322 [COUNT 4], and Abuse of Process [COUNT 5], and Malicious Prosecution [COUNT 6]." She concedes that these claims "can be dismissed" and that she is asserting an opposition to the motion to dismiss only as to COUNT 2, the excessive force claim. Based on Plaintiff's representation to the Court as well as Local Rule LR7.5, Defendant's Motion to Dismiss should be granted as to Counts 1, 3, 4, 5 and 6, and these claims dismissed with prejudice.

Service in this case has been effected and returned by Plaintiff solely on the City of Scott.[1] Because "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," Plaintiff's

---

[1] The Court notes that Plaintiff has never provided the identities of the "Unknown Officers" so that service could be effected upon them, and has not filed return of service for Officer Allen in his individual capacity resulting in the clerk of court entering a Notice of Intent to Dismiss for failure to serve him on March 23, 2020. R. 5. Thus, the claims against Officer Allen in his individual capacity and the "Unknown Officers" in their individual capacities are not before the Court.

3

action against Officer Allen and the Unknown Officers in their official capacities is actually against the City of Scott. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 611 (1978). *See also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (Individual Defendants in their official capacities as employees of these entities are identical to the same claims asserted against the entities themselves.).

Plaintiff represents in her Opposition Memorandum that she is not challenging any of the Defendant's arguments pertaining to unlawful arrest or detention pertaining to the *Monell* claim, Count Three in her Complaint. She maintains that her Complaint is limited only to her excessive force claim, Count Two, in which Plaintiff states that the amount of force used on her by Officer "Harvey Allen and the Unknown Officers was unjustified, unreasonable and excessive." *R. 1, ¶26*. Count Two contains no allegations related to the City of Scott or any custom or policy related to excessive force.[2]

As Plaintiff's only remaining cause of action is limited to claims against Officer Allen and the Unknown Officers in their individual capacities, the City of Scott and the official capacities claims against its officers must be dismissed. Accordingly, the Court will recommend that Defendant's Motion to Dismiss be granted.

---

[2] A § 1983 claim against a municipality such as the City of Scott "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

## II.   CONCLUSION

For the above stated reasons, **IT IS RECOMMENDED** that the Motion to Dismiss for Failure To State A Claim Upon Which Relief Can Be Granted filed by the City of Scott [Rec. Doc. 8] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 15th day of June, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE